UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

EQUITY BANK,                              )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )        Case No.:  2:23-CV-04210-MDH
                                          )
STEPHANIE MORRIS NISSAN, LLC;             )        DEFENDANT DEMANDS TRIAL BY JURY
STEPHANIE MORRIS; CHAD MORRIS;            )
STEPHANIE MORRIS NISSAN OF                )
DURANGO, LLC; WALT, LLC; NISSAN           )
MOTOR ACCEPTANCE COMPANY, LLC;            )
and TBF GRP,                              )
                                          )
            Defendants.                   )
                                          )

## DEFENDANT WALT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant WALT LLC ("WALT"), by and through its counsel, BETH C. BOGGS, NANCY S. MARTIN, and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for its Answer and Affirmative Defenses to Plaintiff Equity Bank's ("Plaintiff") Complaint, states as follows:

### ANSWER

### Parties, Jurisdiction and Venue

1.      WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, denies the allegations and demands strict proof.

2.      WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, denies the allegations and demands strict proof.

3.      WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, denies the allegations and demands strict proof.

4. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, denies the allegations and demands strict proof.

5. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, denies the allegations and demands strict proof.

6. WALT admits the allegations in paragraph 6.

7. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, denies the allegations and demands strict proof.

8. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, denies the allegations and demands strict proof.

9. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, denies the allegations and demands strict proof.

10. The allegations in paragraph 10 set forth legal conclusions to which no response is required. WALT respectfully refers all conclusions of law to this Honorable Court. To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, denies the allegations and demands strict proof.

11. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, denies the allegations and demands strict proof.

12. The allegations in paragraph 12 set forth legal conclusions to which no response is required. WALT respectfully refers all conclusions of law to this Honorable Court. To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, denies the allegations and demands strict proof.

## Factual Background

## The Loan Agreement and Related Documents

13.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, denies the allegations and demands strict proof. WALT further denies the authenticity of the document attached to the Complaint as Exhibit A and demands strict proof.

14.     In response to paragraph 14, WALT states the document speaks for itself.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, denies the allegations and demands strict proof.

15.     In response to paragraph 15, WALT states the documents speak for themselves. To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, denies the allegations and demands strict proof.  WALT further denies the authenticity of the documents attached to the Complaint as Exhibits "B" and "C" and demands strict proof.

16.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, denies the allegations and demands strict proof.

17.     In response to paragraph 17, WALT states the document speaks for itself.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, denies the allegations and demands strict proof.

18.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, denies the allegations and demands strict proof.

WALT further denies that Equity's interest in vehicles WALT has financed is superior to its security interests. WALT further denies the authenticity of the documents attached to the Complaint as Exhibits "D" and "E" and demands strict proof.

19. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, denies the allegations and demands strict proof. WALT further denies the authenticity of the document attached to the Complaint as Exhibit "F" and demands strict proof.

20. In response to paragraph 20, WALT states the document speaks for itself. To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, denies the allegations and demands strict proof.

21. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, denies the allegations and demands strict proof. WALT further denies the authenticity of the document attached to the Complaint as Exhibit "G" and demands strict proof.

22. In response to paragraph 22, WALT states the document speaks for itself. To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, denies the allegations and demands strict proof.

23. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, denies the allegations and demands strict proof. WALT further denies the authenticity of the document attached to the Complaint as Exhibit "H" and demands strict proof.

24.     In response to paragraph 24, WALT states the document speaks for itself.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, denies the allegations and demands strict proof.

## The Audit and Defaults

25.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, denies the allegations and demands strict proof.

26.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, denies the allegations and demands strict proof.

27.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, denies the allegations and demands strict proof.

28.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, denies the allegations and demands strict proof.

29.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, denies the allegations and demands strict proof.

30.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, denies the allegations and demands strict proof. WALT further denies the authenticity of the document attached to the Complaint as Exhibit "I" and demands strict proof.

31.     In response to paragraph 31, WALT states the document speaks for itself.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, denies the allegations and demands strict proof.

32.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, denies the allegations and demands strict proof.

33.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, denies the allegations and demands strict proof.

34.     In response to paragraphs 34 (a) – (l), WALT states the documents speak for themselves.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 34 (a)-(l), denies the allegations and demands strict proof.

35.     In response to paragraphs 35 (a) –(e), WALT states the documents speak for themselves.  To the extent a response is required, WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 35 (a) – (e), denies the allegations and demands strict proof.

36.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, denies the allegations and demands strict proof.

37.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, denies the allegations and demands strict proof.

### Count I – Breach of Contract (SMN)

38.     WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

39.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, denies the allegations and demands strict proof.

40.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, denies the allegations and demands strict proof.

41.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, denies the allegations and demands strict proof.

WHEREFORE having fully answered Count I, WALT prays Count I be dismissed and WALT be awarded its costs incurred herein.

### Count II – Breach of Guaranties (Mr. Morris, Mrs. Morris, SMN Durango)

42.     WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

43.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, denies the allegations and demands strict proof.

44.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, denies the allegations and demands strict proof.

45.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, denies the allegations and demands strict proof.

46.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, denies the allegations and demands strict proof.

47.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, denies the allegations and demands strict proof.

WHEREFORE having fully answered Count II, WALT prays Count II be dismissed and WALT be awarded its costs incurred herein.

### Count III – Replevin (SMN)

48.     WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

49.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, denies the allegations and demands strict proof.

50.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, denies the allegations and demands strict proof.

51.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, denies the allegations and demands strict proof.

52.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, denies the allegations and demands strict proof.

53.     WALT denies the allegations in paragraph 53 to the extent that any vehicle listed in Exhibit "J" on which it has a perfected security interest is inferior to Plaintiff's interest and demands strict proof.  WALT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 53, denies the allegations and demands strict proof.  WALT further denies the authenticity of the document attached to the Complaint as Exhibit "J" and demands strict proof.

54.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, denies the allegations and demands strict proof.

55.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, denies the allegations and demands strict proof.

56.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, denies the allegations and demands strict proof.

57.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, denies the allegations and demands strict proof.

WHEREFORE having fully answered Count III, WALT prays Count III be dismissed and WALT be awarded its costs incurred herein.

### Count IV – (Protection of Security Interest in Collateral, for Injunctive Relief, Temporary Restraining Order, Preliminary Injunction and Permanent Injunction)

58.     WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

59.     WALT denies the allegations in paragraph 59 to the extent that any vehicle pledged as security to Plaintiff on which WALT has a perfected security interest is inferior to Plaintiff's interest.  WALT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59, denies the allegations and demands strict proof.

60.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, denies the allegations and demands strict proof.

61.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, denies the allegations and demands strict proof.

62.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, denies the allegations and demands strict proof.

63.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, denies the allegations and demands strict proof.

64.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, denies the allegations and demands strict proof.

65.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, denies the allegations and demands strict proof.

66. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, denies the allegations and demands strict proof.

67. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, denies the allegations and demands strict proof.

68. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, denies the allegations and demands strict proof.

69. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, denies the allegations and demands strict proof.

WHEREFORE having fully answered Count IV, WALT prays Count IV be dismissed and WALT be awarded its costs incurred herein.

## Count V – Fraud (SMN, SMN Durango, Mr. and Mrs. Morris)

70. WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

71. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, denies the allegations and demands strict proof.

72. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, denies the allegations and demands strict proof.

73. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73, denies the allegations and demands strict proof.

74. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74, denies the allegations and demands strict proof.

75. WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75, denies the allegations and demands strict proof.

76.     WALT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, denies the allegations and demands strict proof.

WHEREFORE having fully answered Count V, WALT prays Count V be dismissed and WALT be awarded its costs incurred herein.

## Count VI – Quiet Title (All Defendants)

77.     WALT readopts and realleges its responses to the prior paragraphs as if fully set forth herein.

78.     WALT denies the allegations in paragraph 78 to the extent that any vehicle listed in Exhibit "J" on which it has a perfected security interest is inferior to Plaintiff's interest and demands strict proof.  WALT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 78, denies the allegations and demands strict proof.

79.     WALT admits that it has a superior interest in any vehicle on which it has a perfected security interest as alleged in paragraph 79.  WALT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 79, denies the allegations and demands strict proof.

80.     WALT denies the allegations in paragraph 80 and demands strict proof.

WHEREFORE having fully answered Count VI, WALT prays Count VI be dismissed and WALT be awarded its costs incurred herein.

## Count VII – Declaratory Judgment (Defendants WALT, NMAC and TBF)

81.     WALT readopts and realleges its responses to all prior paragraphs as if fully set forth herein.

82.     WALT admits the allegations in paragraph 82.

83.     WALT denies the allegations in paragraph 83 and demands strict proof.

84.     WALT denies the Plaintiff has a superior interest that is legally protectable as alleged in paragraph 84 and demands strict proof. WALT admits it has a legally protectable interest pursuant to its perfected security lien as alleged in paragraph 84.

85.     WALT denies the allegations in paragraph 85 and demands strict proof.

86.     WALT denies the allegations in paragraph 86 and demands strict proof.

87.     WALT denies the allegations in paragraph 87 and demands strict proof.

WALT denies the Plaintiff is entitled to any of the relief requested in its *ad damnum* clause and demands strict proof.

WHEREFORE having fully answered Count VII, WALT prays Count VII be dismissed and WALT be awarded its costs incurred herein.

<u>AFFIRMATIVE DEFENSES</u>

1.     Further answering and by way of an affirmative defense, Plaintiff fails to state a claim upon which relief can be granted against WALT.

2.     Further answering and by way of an affirmative defense, Plaintiff's interest is inferior to WALT's perfected security lien.

3.     Further answering and by way of an affirmative defense, Plaintiff has improperly joined WALT in this action as its perfected security lien is superior to Plaintiff's interest.

4.     Further answering and by way of an affirmative defense, Plaintiff has improperly joined WALT in this action as it does not have any interest in the Collateral that is the subject of this action.

5.      Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by failing to satisfy all conditions precedent.

6.      Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by its own actions, inactions, or omissions.

7.      Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by the doctrine of waiver.

8.      Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by the doctrine of laches.

9.      Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by the applicable statute of limitations.

10.     Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, by its failure to mitigate its damages.

11.     Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, as WALT and its customers are bona fide purchasers for value and without knowledge.

12.     Further answering and by way of an affirmative defense, Plaintiff lacks Article III standing as it has not suffered an injury-in-fact.

13.     Further answering and by way of an affirmative defense, Plaintiff's claims are barred, in whole, or in part, for improper venue.

WHEREFORE, having fully answered Plaintiff's Complaint, WALT prays the Complaint be dismissed, and for such further and other relief as this Court deems just and proper.

Respectfully submitted,

**WALT, LLC**

By:      /s/ Nancy S. Martin
         Beth C. Boggs, #43089MO
         Nancy S. Martin, #54103MO
         BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
         9326 Olive Blvd., Suite 200
         St. Louis, MO  63132
         (314) 726-2310 Telephone
         (314) 726-2360 Facsimile
         bboggs@balblawyers.com
         nmartin@balblawyers.com
         **Attorneys for Defendant**
         **WALT, LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court, Western District of Missouri, by using the Court's CM/ECF Electronic Filing System this 19th day of December, 2023, with an electronic copy to be served by operation of the Court's electronic filing system upon the following:

John T. Coghlan, MO # 36361
Justin M. Nichols, MO # 56920
KUTAK ROCK, LLP – KC
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64108
Phone: (816) 960-0090
Justin.Nichols@kutakrock.com
John.Coghlan@kutakrock.com

**Attorneys for Plaintiff**

                                    /s/ Nancy S. Martin

Z:\LOK_data\2673\005\Answer.docx\BCB\NSM